# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KEVIN PARSLEY,** | )<br>) |
| Plaintiff, | ) Case No. 7:18CV00520<br>) |
| v. | ) **OPINION**<br>) |
| **SWVRJA, ET AL.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*Kevin Parsley, Pro Se Plaintiff.*

The plaintiff, Kevin Parsley, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. In his Complaint, he alleges that he was strip searched on two occasions in August of 2018 at a facility operated by the Southwestern Virginia Regional Jail Authority ("SWVRJA"). I conclude that the action must be summarily dismissed for failure to state a claim.

Under 28 U.S.C. § 1915A, the court must screen and dismiss a § 1983 complaint "in which a prisoner seeks redress from a governmental entity or officer" if the court concludes that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that

violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Parsley names as defendants the SWVRJA and "Sgt. Rymer, et al" without identifying any other individuals. Compl. 1, ECF No. 1. Parsley's facts are sparse: "On 8-16-18 at 910 pm I was stiped [sic] searched on camra [sic] in 2A locker room subjected to humilation [sic] & felt degraded." *Id.* at 2. He repeats these allegations regarding another search that allegedly occurred on August 20.

To prove that a jail authority is liable under § 1983 for constitutional violations committed by an employee, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). He must show that the allegedly unconstitutional action (the strip searches) "implement[ed] or execute[ed] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" the jail authority and its officers. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Parsley states no facts linking the allegedly wrongful searches to a specific policy or decision officially adopted by the jail authority or its officers. Accordingly, his Complaint does not state a § 1983 claim against the SWVRJA.

The other named defendant, Sgt. Rymer, is entirely absent from the alleged events about which Parsley is suing. To hold an officer liable under § 1983, the

plaintiff must state facts that affirmatively show how the officer acted personally to deprive him of constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Parsley also provides insufficient factual details about the searches themselves — including whether he was being held at the jail awaiting trial or had already been convicted, and if so for what crime or crimes, what reasons were given for conducting the searches, and what happened during the searches.

For the stated reasons, Parsley's Complaint fails to state a § 1983 claim against the defendants. Therefore, I will summarily dismiss his Complaint without prejudice under § 1915A(b)(1).[1]

A separate Final Order will be entered herewith.

DATED: November 30, 2018

/s/ James P. Jones
United States District Judge

---

[1] It also appears that Parsley did not exhaust available administrative remedies at SWVRJA. Before bringing a federal court action about jail events, a prisoner must first utilize fully all available administrative remedies at the jail facility. *See* 42 U.S.C. § 1997e(a). On his Complaint form, Parsley states that he tried to file a grievance at the jail, but was "told I must have complant [sic] first, not valid." Compl. 1, ECF No. 1. He does not indicate why his complaint about the strip search cannot be presented through the grievance procedures available at SWVRJA. If he had an available remedy there and failed to utilize it, that omission could result in dismissal of the case. Once Parsley has exhausted all available administrative remedies at SWVRJA, he may refile his lawsuit, if he wishes.